IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-02276-CBS

JASON BROOKS,

Applicant,

v.

LOU ARCHULETA, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

**ORDER TO DISMISS IN PART**

---

This case is before this Court pursuant to the Order of Reference entered February 9, 2015, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

Applicant Jason Brooks is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Brooks has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Weld County District Court case number 09CR959. On September 3, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On October 22, 2014, Respondents filed their Pre-Answer Response (ECF No. 12). On November

4, 2014, Mr. Brooks filed a reply (ECF No. 13) to the Pre-Answer Response.

The Court must construe the Application and other papers filed by Mr. Brooks liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

The relevant factual background was described by the Colorado Court of Appeals as follows:

> Defendant was indicted on twenty-five counts of securities fraud and one count of theft. He pleaded guilty to four of the securities fraud counts and agreed to pay a set amount of itemized restitution. In exchange, the People agreed to dismiss the remaining charges. The parties also stipulated to a sentencing cap of thirty-six years for the four counts to which defendant pleaded guilty. The court conducted a providency hearing and accepted defendant's plea. At the sentencing hearing, the court considered statements from victims of the four nondismissed counts as well as victims of the dismissed counts. The court sentenced defendant to a combined thirty-two years in the Department of Corrections. Defendant's motion for reconsideration of his sentence was denied.

*People v. Brooks*, No. 12CA1781, slip op. at 1 (Colo. App. Mar. 6, 2014) (ECF No. 12-6 at 2). Although Mr. Brooks filed a direct appeal, he later moved to dismiss the appeal and that motion was granted on January 28, 2011. (*See* ECF No. 12-4.)

On February 16, 2011, Mr. Brooks filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 12-2.) Counsel was appointed to represent Mr. Brooks and counsel filed a supplement to

the Rule 35(c) motion. (*See* ECF No. 12-3.)

> In his postconviction motion, defendant claimed that his Crim. P. 11 advisement was inadequate and that his trial counsel provided ineffective assistance by (1) misadvising defendant of the effect of his plea; (2) failing to consult or employ a securities fraud, business law, or contract law expert; and (3) providing inadequate representation at sentencing. He also alleged his trial counsel erroneously told him he could not withdraw his guilty plea prior to the sentencing hearing.
>
> In a written order, the district court discussed the majority of defendant's postconviction allegations but did not expressly address trial counsel's advice regarding withdrawal of the plea. The court concluded that defendant's claims did not warrant relief and denied his postconviction motions without a hearing.

(ECF No. 12-6 at 2-3.) On appeal, Mr. Brooks "challenge[d] only the district court's summary dismissal of his allegation that counsel told him he could not withdraw his plea." (*Id.* at 3.) The Colorado Court of Appeals deemed abandoned "[a]ny issues raised in the postconviction motion but not reasserted on appeal." (*Id.*) On March 6, 2014, the trial court's order denying the Rule 35(c) motion was affirmed. (*See id.*) Mr. Brooks did not seek certiorari review in the Colorado Supreme Court.

The Application was filed on August 15, 2014, and Mr. Brooks asserts the following eight claims for relief: (1) trial counsel was ineffective "by failing to consult or employ a securities fraud, business law, or contract law expert because counsel was not proficient in the . . . applicable substantive and procedural laws of securities fraud" (ECF No. 1 at 5); (2) trial counsel was ineffective "by misadvising the applicant of the effect of his plea" (*id.* at 12); (3) trial counsel was ineffective "by providing inadequate representation at sentencing" (*id.* at 14); (4) trial counsel was ineffective and violated

due process "by erroneously telling the applicant he could not withdraw his guilty plea prior to sentencing" (*id.* at 18); (5) the trial court violated due process "by failing to properly advise the applicant of the effect of his plea due to a deficient Rule 11 advisement" (*id.* at 19); (6) the trial court violated due process "by denying [the applicant] post-conviction relief based upon inaccurate and incomplete information" (*id.* at 25); (7) the Colorado Court of Appeals violated due process "by deciding to deny [the applicant] post-conviction relief based upon inaccurate and incomplete information" (*id.* at 26); and (8) trial counsel was ineffective "when the errors are considered cumulatively" (*id.* at 27).

The Court notes initially that claims 6 and 7 may not be raised in this habeas corpus action because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Brooks contends in claims 6 and 7 only that the trial court and the Colorado Court of Appeals improperly denied him relief in the state court postconviction proceedings. Therefore, claims 6 and 7 do not present a cognizable federal constitutional issue and will be dismissed for that reason.

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

**III. EXHAUSTION OF STATE REMEDIES**

Respondents contend that claims 1, 2, 3, 5, and 8 are unexhausted and procedurally barred. Respondents also contend that claim 4, at least to the extent claim 4 raises an ineffective assistance of counsel issue, is unexhausted but not procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)

(per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents concede that the ineffective assistance of counsel portion of claim 4 in the Application, in which Mr. Brooks asserts trial counsel erroneously advised him he could not withdraw his guilty plea prior to sentencing, was fairly presented to the Colorado Court of Appeals in the state court postconviction proceedings. However, Respondents maintain that the ineffective assistance of counsel portion of claim 4 is the only claim in the Application that was fairly presented to the Colorado Court of Appeals. Furthermore, Respondents argue that even the ineffective assistance of counsel portion of claim 4 is unexhausted because Mr. Brooks did not fairly present that claim to the Colorado Supreme Court in a petition for writ of certiorari.

Mr. Brooks contends in his reply to the Pre-Answer Response that all of his claims are exhausted because he presented each claim as a federal constitutional claim

in the original Rule 35(c) motion. (*See* ECF No. 13 at 6.) However, he concedes that postconviction counsel did not raise each of his claims on appeal. (*See id.* at 11.)

Mr. Brooks' argument that he has exhausted state remedies by fairly presenting his claims to the trial court lacks merit. As noted above, fair presentation requires that the federal issue be presented properly "to the highest state court." *Dever*, 36 F.3d at 1534. Therefore, even assuming Mr. Brooks presented each of his claims to the trial court, that fact alone does not satisfy the fair presentation requirement. Instead, the Court must consider whether Mr. Brooks fairly presented his claims to the highest state court on appeal from the denial of his Rule 35(c) motion.

The Court has reviewed Mr. Brooks' opening brief on appeal from the denial of his Rule 35(c) motion and agrees with Respondents that the only claim fairly presented to the Colorado Court of Appeals was the ineffective assistance of counsel portion of claim 4. It is true, as Respondents concede, that the factual basis for the ineffective assistance of counsel portion of claim 4 is related to the factual basis for the ineffective assistance of counsel argument in claim 2 in the Application. According to Mr. Brooks, he sought to withdraw his guilty plea, in part, because counsel failed to advise him that the unproven allegations in the dismissed counts could be used against him at sentencing. However, Mr. Brooks did not assert on appeal from the denial of his Rule 35(c) motion a separate claim that counsel was ineffective by failing to advise him that the unproven allegations in the dismissed counts could be used against him at sentencing (claim 2 in the Application). Instead, the only ineffective assistance of counsel claim fairly presented to the Colorado Court of Appeals was the claim that counsel erroneously advised Mr. Brooks he could not withdraw his guilty plea prior to

sentencing (claim 4 in the Application). The Court's conclusion that the ineffective assistance of counsel portion of claim 4 is the only claim Mr. Brooks fairly presented to the Colorado Court of Appeals is further supported by that court's order affirming the denial of postconviction relief. (*See* ECF No. 12-6 at 3 ("On appeal, defendant challenges only the district court's summary dismissal of his allegation that counsel told him he could not withdraw his plea.").) Therefore, the Court finds that claims 1, 2, 3, 5, and 8 in their entirety, and the due process portion of claim 4, were not fairly presented to the highest state court.

The Court next will address Respondents' argument that the ineffective assistance of counsel portion of claim 4 is unexhausted because Mr. Brooks did not raise the claim in the Colorado Supreme Court in a petition for writ of certiorari. Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an

> adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Pursuant to Colo. App. R. 51.1(a), the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As discussed above, Respondents concede that Mr. Brooks fairly presented the ineffective assistance of counsel portion of claim 4 to the Colorado Court of Appeals and it is clear that the Colorado Court of Appeals denied relief on that claim.

The Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

For these reasons, the Court finds that the ineffective assistance of counsel portion of claim 4 is exhausted. However, Mr. Brooks fails to satisfy his burden of demonstrating claims 1, 2, 3, 5, 8, and the due process portion of claim 4 are exhausted.

## IV. PROCEDURAL DEFAULT

Although Mr. Brooks failed to exhaust state remedies for claims 1, 2, 3, 5, 8, and the due process portion of claim 4 , the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Brooks no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend, and the Court agrees, that Mr. Brooks no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted. First, Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure provide that, with limited exceptions not applicable to Mr. Brooks, the state court must dismiss any claim raised and resolved in a prior appeal or postconviction proceeding as well as any claim that could have been presented in a prior appeal or postconviction proceeding. Second, any attempt by Mr. Brooks to file another postconviction Rule 35(c) motion in state court would be untimely. *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause). Thus, it is clear that Mr. Brooks may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See*

*Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Brooks' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Brooks apparently concedes that his unexhausted claims are procedurally defaulted (*see* ECF No. 13 at 6) and he makes no attempt to demonstrate that Rules 35(c)(3)(VI) and (VII) of the Colorado Rules of Criminal Procedure and Colo. Rev. Stat. § 16-5-402 are not independent and adequate. In any event, the Court finds that Rules 35(c)(3)(VI) and (VII) are independent because they rely on state rather than federal law. The rules also are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding). Colorado's statute of limitations for collateral attacks also is an independent and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Brooks demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Brooks must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Brooks can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Mr. Brooks argues in his reply to the Pre-Answer Response that he can demonstrate cause for his procedural default because counsel on appeal from the denial of his postconviction Rule 35(c) motion did not raise all of the constitutional claims Mr. Brooks wanted counsel to raise. Mr. Brooks specifically relies on the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), in support of this argument. In *Martinez*, the Supreme Court held as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

The holding in *Martinez* is not applicable to Mr. Brooks' unexhausted claims in this action. With respect to claim 5, that claim is not an ineffective assistance of trial counsel claim to which *Martinez* arguably might apply. With respect to the unexhausted

claims that do raise issues of ineffective assistance of trial counsel, *Martinez* does not apply because the claims were defaulted as a result of counsel's failure to raise the claims in a postconviction appeal rather than in an initial-review collateral proceeding. Prior to *Martinez*, the Supreme Court held that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default, *see Coleman*, 501 U.S. at 757, and the Supreme Court in *Martinez* reaffirmed that holding:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added, citation omitted). Therefore, Mr. Brooks cannot demonstrate cause based on the alleged ineffectiveness of postconviction appeal counsel.

Finally, Mr. Brooks makes a conclusory argument that a failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. However, in the absence of new evidence, Mr. Brooks' conclusory assertion that he continually and repeatedly has protested his actual innocence is not sufficient to demonstrate that a fundamental miscarriage of justice will occur. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (stating that a credible claim of actual

innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial").

For these reasons, the Court finds that Mr. Brooks fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. As a result, the unexhausted claims are procedurally barred and must be dismissed.

## V. CONCLUSION

In summary, claims 6 and 7 in the Application will be dismissed for failure to present a cognizable federal constitutional issue. Respondents do not raise the one-year limitation period as an affirmative defense. The Court finds that the ineffective assistance of counsel portion of claim 4 is exhausted. However, claims 1, 2, 3, 5, 8, and the due process portion of claim 4 will be dismissed as unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that claims 6 and 7 in the Application are DISMISSED for failure to raise a cognizable federal constitutional issue. It is further

**ORDERED** that claims 1, 2, 3, 5, 8, and the due process portion of claim 4 in the Application are DISMISSED because the claims are unexhausted and procedurally barred. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claim. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED February 13, 2015.

**BY THE COURT**:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge