IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-02276-CBS

JASON BROOKS,

     Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

---

This case is before this Court pursuant to the Order of Reference entered

February 9, 2015, and the parties' unanimous consent to disposition of this action by a

United States Magistrate Judge.

Applicant Jason Brooks is a prisoner in the custody of the Colorado Department

of Corrections.  Mr. Brooks has filed *pro se* an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application").  Respondents have filed

an Answer to Application for Writ of Habeas Corpus (ECF No. 27) ("the Answer") and

Mr. Brooks has filed a traverse (ECF No. 29) ("the Traverse") and a supplement (ECF

No. 30) to the Traverse.  After reviewing the record, including the Application, the

Answer, the Traverse, the supplement to the Traverse, and the state court record, the

Court FINDS and CONCLUDES that the Application should be denied and the case

dismissed with prejudice.

## I.  BACKGROUND

Mr. Brooks is challenging the validity of his conviction and sentence in Weld

County District Court case number 09CR959.  The relevant factual background was

described by the Colorado Court of Appeals as follows:

> Defendant was indicted on twenty-five counts of
> securities fraud and one count of theft.  He pleaded guilty to
> four of the securities fraud counts and agreed to pay a set
> amount of itemized restitution.  In exchange, the People
> agreed to dismiss the remaining charges.  The parties also
> stipulated to a sentencing cap of thirty-six years for the four
> counts to which defendant pleaded guilty.  The court
> conducted a providency hearing and accepted defendant's
> plea.  At the sentencing hearing, the court considered
> statements from victims of the four nondismissed counts as
> well as victims of the dismissed counts.  The court
> sentenced defendant to a combined thirty-two years in the
> Department of Corrections.  Defendant's motion for
> reconsideration of his sentence was denied.

*People v. Brooks*, No. 12CA1781, slip op. at 1 (Colo. App. Mar. 6, 2014) (ECF No. 12-6

at 2).  Although Mr. Brooks filed a direct appeal, he later moved to dismiss the appeal

and that motion was granted on January 28, 2011.  (*See* ECF No. 12-4.)

On February 16, 2011, Mr. Brooks filed in the trial court a postconviction motion

pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  (*See* ECF No. 12-

2.)  Counsel was appointed to represent Mr. Brooks and counsel filed a supplement to

the Rule 35(c) motion.  (*See* ECF No. 12-3.)

> In his postconviction motion, defendant claimed that his
> Crim. P. 11 advisement was inadequate and that his trial
> counsel provided ineffective assistance by (1) misadvising
> defendant of the effect of his plea; (2) failing to consult or
> employ a securities fraud, business law, or contract law
> expert; and (3) providing inadequate representation at
> sentencing.  He also alleged his trial counsel erroneously
> told him he could not withdraw his guilty plea prior to the

> sentencing hearing.
>
> In a written order, the district court discussed the
> majority of defendant's postconviction allegations but did not
> expressly address trial counsel's advice regarding
> withdrawal of the plea.  The court concluded that defendant's
> claims did not warrant relief and denied his postconviction
> motions without a hearing.

(ECF No. 12-6 at 2-3.)  On appeal from the trial court's order denying the Rule 35(c)

motion Mr. Brooks "challenge[d] only the district court's summary dismissal of his

allegation that counsel told him he could not withdraw his plea." (*Id.* at 3.)  The

Colorado Court of Appeals deemed abandoned "[a]ny issues raised in the

postconviction motion but not reasserted on appeal." (*Id.*)  On March 6, 2014, the trial

court's order denying the Rule 35(c) motion was affirmed.  (*See id.*)  Mr. Brooks did not

seek certiorari review in the Colorado Supreme Court.

The Application was filed on August 15, 2014, and Mr. Brooks asserts the

following eight claims for relief: (1) trial counsel was ineffective "by failing to consult or

employ a securities fraud, business law, or contract law expert because counsel was

not proficient in the . . . applicable substantive and procedural laws of securities fraud"

(ECF No. 1 at 5); (2) trial counsel was ineffective "by misadvising the applicant of the

effect of his plea" (*id.* at 12); (3) trial counsel was ineffective "by providing inadequate

representation at sentencing" (*id.* at 14); (4) trial counsel was ineffective and violated

due process "by erroneously telling the applicant he could not withdraw his guilty plea

prior to sentencing" (*id.* at 18); (5) the trial court violated due process "by failing to

properly advise the applicant of the effect of his plea due to a deficient Rule 11

advisement" (*id.* at 19); (6) the trial court violated due process "by denying [the

applicant] post-conviction relief based upon inaccurate and incomplete information" (*id.* at 25); (7) the Colorado Court of Appeals violated due process "by deciding to deny [the applicant] post-conviction relief based upon inaccurate and incomplete information" (*id.* at 26); and (8) trial counsel was ineffective "when the errors are considered cumulatively" (*id.* at 27).  The Court previously entered an Order to Dismiss in Part (ECF No. 24) dismissing claims 1, 2, 3, 5, 8, and the due process portion of claim 4 as unexhausted and procedurally barred.  The Court also dismissed claims 6 and 7 for failure to raise a cognizable federal constitutional issue.  Therefore, only the ineffective assistance of counsel portion of claim 4 remains to be considered on the merits.

After the Court entered the Order to Dismiss in Part, Mr. Brooks filed a Motion for Leave to File an Amended Complaint (ECF No. 25) in which he seeks to provide a more complete factual basis for his remaining ineffective assistance of counsel claim.  Mr. Brooks contends that he should be allowed to include additional allegations in support of his remaining claim because, as the Court noted in the Order to Dismiss in Part, the factual basis for the ineffective assistance of counsel portion of claim 4 is related to the factual basis for the ineffective assistance of counsel argument set forth in claim 2 in the Application.

The Motion for Leave to File an Amended Complaint will be denied because, as discussed in the Order to Dismiss in Part, Mr. Brooks has not exhausted state remedies with respect to claim 2 in the Application or the factual allegations that support claim 2 in the Application.  Mr. Brooks may not circumvent his failure to exhaust state remedies with respect to claim 2 by incorporating the factual allegations that support claim 2 into a separate and distinct claim that counsel was ineffective.

## II.  STANDARDS OF REVIEW

The Court must construe the Application and other papers filed by Mr. Brooks

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d

at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Mr. Brooks bears the burden of proof under § 2254(d).  *See*

*Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

The Court reviews claims of legal error and mixed questions of law and fact

pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir.

2003).  The threshold question the Court must answer under § 2254(d)(1) is whether

Mr. Brooks seeks to apply a rule of law that was clearly established by the Supreme

Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390

(2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta,

of [the Supreme] Court's decisions as of the time of the relevant state-court decision."

*Id*. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings
> in cases where the facts are at least closely-related or
> similar to the case *sub judice*.  Although the legal rule at
> issue need not have had its genesis in the closely-related or
> similar factual context, the Supreme Court must have
> expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).  If there is no clearly established

federal law, that is the end of the Court's inquiry under § 2254(d)(1).  *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine

whether the state court's decision was contrary to or an unreasonable application of that

clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly
> established federal law if: (a) "the state court applies a rule
> that contradicts the governing law set forth in Supreme Court
> cases"; or (b) "the state court confronts a set of facts that are
> materially indistinguishable from a decision of the Supreme
> Court and nevertheless arrives at a result different from [that]
> precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th
> Cir. 2006)] (internal quotation marks and brackets omitted)
> (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is
> commonly understood to mean 'diametrically different,'
> 'opposite in character or nature,' or 'mutually opposed.'"
> *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable
> application of clearly established federal law when it
> identifies the correct governing legal rule from Supreme
> Court cases, but unreasonably applies it to the facts.  *Id.* at
> 407-08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an

objective inquiry.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or

incorrectly.  Rather that application must also be unreasonable." *Id.* at 411.  "[A]

decision is 'objectively unreasonable' when most reasonable jurists exercising their

independent judgment would conclude the state court misapplied Supreme Court law."

*Maynard*, 468 F.3d at 671.  Furthermore,

> [E]valuating whether a rule application was unreasonable
> requires considering the rule's specificity.  The more general
> the rule, the more leeway courts have in reaching outcomes
> in case-by-case determinations.  [I]t is not an unreasonable
> application of clearly established Federal law for a state
> court to decline to apply a specific legal rule that has not
> been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation

omitted).  In conducting this analysis, the Court "must determine what arguments or

theories supported or . . . could have supported[] the state court's decision" and then

"ask whether it is possible fairminded jurists could disagree that those arguments or

theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Id.*

at 102.  In addition, "review under § 2254(d)(1) is limited to the record that was before

the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 131 S. Ct.

1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court

precedent will be a basis for relief under § 2254."  *Maynard*, 468 F.3d at 671; *see also*

*Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the

state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal
> court, a state prisoner must show that the state court's ruling
> on the claim being presented in federal court was so lacking
> in justification that there was an error well understood and
> comprehended in existing law beyond any possibility for

7

fairminded disagreement.

*Richter*, 562 U.S. at 103.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2).

*See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Section 2254(d)(2)

allows the Court to grant a writ of habeas corpus only if the relevant state court decision

was based on an unreasonable determination of the facts in light of the evidence

presented to the state court.  Pursuant to § 2254(e)(1), the Court must presume that the

state court's factual determinations are correct and Mr. Brooks bears the burden of

rebutting the presumption by clear and convincing evidence.  "The standard is

demanding but not insatiable . . . [because] '[d]eference does not by definition preclude

relief.'"  *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537

U.S. 322, 340 (2003)).

Finally, the Court's analysis is not complete "[e]ven if the state court decision was

contrary to, or involved an unreasonable application of, clearly established federal law."

*Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006).  "Unless the error is a structural

defect in the trial that defies harmless-error analysis, [the Court] must apply the

harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . ."  *Id.*; *see*

*also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must

conduct harmless error analysis under *Brecht* anytime it finds constitutional error in a

state court proceeding regardless of whether the state court found error or conducted

harmless error review).  Under *Brecht*, a constitutional error does not warrant habeas

relief unless the Court concludes it "had substantial and injurious effect" on the jury's

verdict.  *Brecht*, 507 U.S. at 637.  "A 'substantial and injurious effect' exists when the

court finds itself in 'grave doubt' about the effect of the error on the jury's verdict."

*Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)).  "Grave

doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual

equipoise as to the harmlessness of the error."  *O'Neal*, 513 U.S. at 435.  The Court

makes this harmless error determination based upon a review of the entire state court

record.  *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

If a claim was not adjudicated on the merits in state court, and if the claim also is

not procedurally barred, the Court must review the claim *de novo* and the deferential

standards of § 2254(d) do not apply.  *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th

Cir. 2004).

### III.  MERITS OF APPLICANT'S REMAINING CLAIM

Mr. Brooks contends in the ineffective assistance of counsel portion of claim 4

that trial counsel was ineffective "by erroneously telling the applicant he could not

withdraw his guilty plea prior to sentencing."  (ECF No. 1 at 18).  Mr. Brooks specifically

alleges as follows in support of this ineffective assistance of counsel claim:

> Fourteen hours before sentencing the defendant
> became aware of numerous inconsistencies that he became
> concerned of.  Trial counsel, Ms. Stout, had waited until the
> night before sentencing to provide a copy of the presentence
> investigation report to the defendant and also gave him 26
> victim impact statements that had been provided to the court
> for sentencing purposes.  Mr. Brooks believed his criminal
> exposure was limited to only the four counts he plead to, so
> he did not understand why he had been given 26 victim
> impact statements.  He believed only the four victims from
> the counts he was pleading to were considered victims, so
> he only thought those four people could speak at sentencing,
> and believed only those four people could file victim impact
> statements.  Rather than give an explanation to the
> defendant as to why all the victim impact statements could

> be used, Ms. Stout advised Mr. Brooks that he "probably" was not going to be sentenced in the morning, so they could discuss the defendant's confusion in depth at a later time, which is qualified by Ms. Stout's statements to the court on the day of sentencing.  Ms. Stout believed sentencing was not going to occur in the morning because a court mistake had not completed Community Corrections or ISP screening of Mr. Brooks.
>
> In the morning, once Mr. Brooks found out that sentencing was going to proceed, he asked Ms. Stout if he could withdraw his plea.  The defendant was told he could not do so, another incorrect advisement, . . . .

(*Id.*)

It was clearly established when Mr. Brooks was convicted that a defendant has a Sixth Amendment right to the effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Ineffective assistance of counsel claims are mixed questions of law and fact.  *See id.* at 698.

To establish that counsel was ineffective, Mr. Brooks must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  It is Mr. Brooks' burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Brooks must establish "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable.").  In determining whether Mr. Brooks has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. Brooks.  *See Boyd*, 179 F.3d at 914.

If Mr. Brooks fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must be dismissed.  *See Strickland*, 466 U.S. at 697. Furthermore, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief.  *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001).  Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Colorado Court of Appeals applied the two-part *Strickland* test and rejected this ineffective assistance of counsel claim because Mr. Brooks failed to demonstrate he suffered any prejudice.

> Defendant asserted in his postconviction motion that, after pleading guilty but before being sentenced, he asked his counsel if he could withdraw his plea.  His counsel responded "with a quick 'no'" and never informed the court of his request before sentencing proceeded.
>
> Assuming defendant's allegations are true, trial counsel's advice would have deprived defendant of an opportunity to raise a timely motion to withdraw his plea. Because the trial court made findings of fact rejecting defendant's allegations, the record establishes that the court

would not have granted such a motion.  Therefore, we perceive no prejudice to defendant and, thus, find it unnecessary to determine whether counsel's advice fell below an objective standard of reasonableness.

Crim. P. 32(d) allows a defendant to make a motion to withdraw a guilty plea before the sentence is imposed.  The right to withdraw a guilty plea under Crim. P. 32(d), however, is not absolute.  Instead, a defendant bears the burden of proving that a "'fair and just'" reason for withdrawal exists, and there must be a showing that justice will be subverted if the motion is denied.  *Kazadi v. People*, 2012 CO 73, ¶ 14 (quoting *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988)); *see also Crumb v. People*, 230 P.3d 726 (Colo. 2010).

> Such a showing includes instances where a defendant was surprised or influenced into a plea of guilty to which the person had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; where it was made involuntarily; or where ineffective assistance of counsel occurred in the process.

*Kazadi*, ¶ 14.

Here, defendant's postconviction motion alleges that he was "under the impression that the only victims that would be allowed to file victim impact statements were the victims of the charges he was pleading to and not . . . the victims named in charges that were dismissed."  On the night before his sentencing hearing, he learned that the court would be considering statements from victims of the dismissed charges.  Based on this information, he decided to withdraw his guilty plea.  We conclude that the record establishes that, had defendant moved to withdraw his plea, the motion would not have been granted.

First, in ruling on defendant's ineffective assistance of counsel claim, the district court found that defendant failed to demonstrate that he was not advised of the sentencing court's ability to consider the victims of dismissed counts.

The district court specifically rejected defendant's claim of surprise that harm to victim's of dismissed charges could be considered, stating, "[h]is postconviction assertion that he believed only the victims of the four counts could be considered by the court is simply contradicted by his own statements and actions." As the district court noted in its written order, defendant signed a "Written Waiver and Plea Agreement" specifically authorizing submission of additional documents prior to or at sentencing. *Cf. Chippewa*, 751 P.2d at 610 (permitting withdrawal where nothing in the record suggested that defendant, at the time he entered his plea, had been advised or was aware that a sentence in the aggravated range was mandated because of his parole status). Defendant also agreed to an order of restitution in an amount intended to compensate all of his victims. At the providency hearing, defendant noted that the itemization of restitution, which included amounts owed to individuals on dismissed counts, "looks accurate to me." He did not seek clarification from the court regarding its ability to consider harm caused to victims of dismissed charges, and he has not alleged that trial counsel misrepresented the court's ability to consider such information in determining an appropriate sentence. In addition, before being sentenced, defendant submitted a letter to the court indicating awareness that the scope of his actions impacted every victim represented in the restitution agreement. Thus, the district court found, as a factual matter, that defendant was aware that the court could consider statements from the victims of the dismissed counts, and that his plea was entered knowingly and voluntarily, rather than by mistake or under a misconception about what might be considered at sentencing.

If defendant had made his argument that he had been unaware of the court's ability to consider harm done to victims of dismissed counts in a timely Crim. P. 32(d) motion, it would not have changed the outcome of the proceeding – the court would have rejected the facts alleged in the motion and imposed a sentence based on defendant's guilty plea. Because defendant has failed to demonstrate that, but for counsel's alleged ineffective assistance, the result of the proceeding would have been different, the district court properly dismissed his allegation without a hearing.

(ECF No. 12-6 at 6-10 (footnote omitted).)

Mr. Brooks does not argue that the state court's decision was contrary to *Strickland*. In other words, he does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018. Mr. Brooks does cite *Hill v. Lockhart*, 474 U.S. 52 (1985), as the proper standard to evaluate prejudice under *Strickland*. The Supreme Court in *Hill* held that, to show prejudice under *Strickland* in challenging a guilty plea based on ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty but would have insisted on going to trial. *See Hill*, 474 U.S. at 59. Although Mr. Brooks was convicted following a guilty plea, his remaining claim does not challenge the guilty plea. Instead, Mr. Brooks contends in the ineffective assistance of counsel portion of claim 4 that counsel erroneously told him he could not withdraw his guilty plea. Therefore, the proper prejudice inquiry must focus on the opportunity to file a motion to withdraw the guilty plea and the Colorado Court of Appeals properly considered whether Mr. Brooks suffered any prejudice under *Strickland* by addressing whether the trial court would have granted such a motion. As a result, to the extent Mr. Brooks may be arguing the state court's decision is contrary to *Hill*, the Court rejects the argument.

Mr. Brooks also fails to demonstrate that the state court's decision rejecting his remaining ineffective assistance of counsel claim was an unreasonable application of *Strickland*. Mr. Brooks' arguments regarding prejudice are premised on his contention that his statements and beliefs regarding restitution owed to all of his victims do not demonstrate an awareness that the trial court could consider the dismissed counts at

sentencing.  However, the state court determined as a factual matter "that defendant

was aware that the court could consider statements from the victims of the dismissed

counts."  (ECF No. 12-6 at 9.)  The Court presumes this factual determination is correct

and Mr. Brooks bears the burden of rebutting the presumption by clear and convincing

evidence.  *See* 28 U.S.C. § 2254(e)(1).

Although Mr. Brooks obviously disagrees with the state court's factual finding

premised on his statements and actions with respect to restitution, he does not present

clear and convincing evidence to overcome the presumption of correctness.  For one

thing, Mr. Brooks concedes "he never believed his financial exposure was limited only to

the four counts he plead to."  (ECF No. 29 at 6.)  His explanation that he was conceding

only civil liability and not criminal culpability is belied by the fact that restitution was part

of his plea agreement in a criminal case and was imposed as part of the criminal

judgment.  The fact that Mr. Brooks previously rejected a different plea agreement also

is not clear and convincing evidence of his alleged lack of awareness that the trial court

could consider statements from the victims of the dismissed counts at his sentencing.

In light of the state court's factual determination that Mr. Brooks was aware the

trial court could consider statements from the victims of the dismissed counts at

sentencing, the state court's legal conclusion that Mr. Brooks was not prejudiced by

counsel's alleged ineffectiveness in advising Mr. Brooks he could not file a motion to

withdraw his guilty plea prior to sentencing is not an unreasonable application of clearly

established federal law.  Given the state court's specific determination that a motion to

withdraw his guilty plea would have been denied under state law, the Court agrees with

the Colorado Court of Appeals that Mr. Brooks fails to demonstrate prejudice under the

general *Strickland* standard.  In short, Mr. Brooks is not entitled to habeas relief with

respect to the ineffective assistance of counsel portion of claim 4 because he fails to

demonstrate the state court's ruling regarding the absence of prejudice was "so lacking

in justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.

### V.  CONCLUSION

In summary, the Court finds that Mr. Brooks is not entitled to relief on his

remaining claim.  Accordingly, it is

**ORDERED** that the Motion for Leave to File an Amended Complaint (ECF No.

25) is denied.  It is further

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 (ECF No. 1) is denied and this case is dismissed with prejudice.  It is

further

**ORDERED** that there is no basis on which to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c).

DATED May 14, 2015.

**BY THE COURT**:


 *s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge