IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-02276-CBS

JASON BROOKS,

    Applicant,

v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

This case is before this Court pursuant to the Order of Reference entered February 9, 2015, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

Applicant, Jason Brooks, has filed *pro se* a "Motion for Reconsideration From Order Denying Application for Writ of Habeas Corpus" (ECF No. 33) asking the Court to reconsider and vacate the Order Denying Application for Writ of Habeas Corpus (ECF No. 31) entered in this action on May 14, 2015. The Court must construe the motion to reconsider liberally because Mr. Brooks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider filed by Mr. Brooks pursuant to Rule 59(e) because it was filed within twenty-eight days after the instant action was dismissed. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Brooks initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Weld County District Court case number 09CR959. Mr Brooks asserted eight claims for relief in the application. On February 13, 2015, the Court dismissed all but one of these claims, either because the claims were not federal constitutional claims or because the claims were unexhausted and procedurally barred. The only claim the Court determined was exhausted was the ineffective assistance of counsel portion of claim 4.

On February 25, 2015, Mr. Brooks filed a motion to amend in which he sought to provide a more complete factual basis for the ineffective assistance of counsel portion of claim 4.  In essence, Mr. Brooks sought to incorporate into the ineffective assistance of counsel portion of claim 4 the factual allegations that supported claim 2 because those claims were related.

On May 14, 2015, the Court entered an order denying the motion to amend and rejecting the ineffective assistance of counsel portion of claim 4 on the merits.  With respect to the motion to amend, the Court determined Mr. Brooks may not circumvent his failure to exhaust state remedies with respect to claim 2 by incorporating the factual allegations that support claim 2 into a separate and distinct claim that is exhausted. With respect to the merits of the ineffective assistance of counsel portion of claim 4, the Court concluded the state court's determination that Mr. Brooks suffered no prejudice as a result of counsel's alleged ineffectiveness was not contrary to or an unreasonable application of clearly established federal law under *Strickland v. Washington*, 466 U.S. 668 (1984).  Mr. Brooks argues in the motion to reconsider that he exhausted state remedies with respect to claim 2 and that he is entitled to relief with respect to the ineffective assistance of counsel portion of claim 4.

Upon consideration of the motion to reconsider and the entire file, the Court finds that the motion to reconsider must be denied.  For the reasons discussed in the Court's prior orders, the Court remains convinced that Mr. Brooks did not fairly present claim 2 to the Colorado state courts and that he is not entitled to relief with respect to the ineffective assistance of counsel portion of claim 4.  Accordingly, it is

**ORDERED** that the Motion for Reconsideration From Order Denying Application

for Writ of Habeas Corpus (ECF No. 33) is denied.

DATED June 4, 2015.

**BY THE COURT**:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge